J-S43005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY D. WILLIAMS, | |
| Appellant | No. 3503 EDA 2014 |

Appeal from the PCRA Order of November 12, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000789-2012, CP-23-CR-0000793-2012 and CP-23-CR-0003553-2013

BEFORE:  GANTMAN, P.J., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                **FILED AUGUST 11, 2015**

Appellant, Gary D. Williams, appeals *pro se* from the order entered on November 12, 2014, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural posture underlying this case:

> On January 27, 2012, [Appellant] was arrested and charged with theft by deception–false pretenses[,][1] in connection with an incident which occurred on November 1, 2011[, against victim L.H.  This case was docketed at CP-23-CR-000789-2012].  On January 26, 2012, [Appellant] was arrested and charged with theft by deception–false

---

[1] 18 Pa.C.S.A. § 3922(a)(1).

pretenses and conspiracy[2] . . . in connection with an incident which occurred on January 25, 2012[, against victim E.J. This case was docketed at CP-23-CR-000793-2012]. [Appellant] was also charged with theft by deception-false pretenses and conspiracy[3] . . . in connection with an incident which occurred on November 1, 2011[, against victim G.H. This case was docketed at CP-23-CR-003553-2013]. [Appellant] also had two similar cases in Montgomery County. . . .

On October 22, 2013, [Appellant] entered negotiated guilty pleas in all three cases and was sentenced to an aggregate [term] of 24 to 48 months [in prison,] followed by [four] years of probation to run concurrent to his sentences in [the] Montgomery County [cases].

PCRA Court Opinion, 1/26/14, at 1-2 (some internal capitalization omitted).

Appellant did not file a notice of appeal from his judgment of sentence.

On January 2, 2014, Appellant filed a *pro se* PCRA petition at all three docket numbers and the PCRA court appointed counsel to represent Appellant. However, on October 1, 2014, appointed counsel filed a "no merit" letter and a petition to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On October 2, 2014, the PCRA court granted counsel's petition to withdraw and provided Appellant with notice that it intended to dismiss Appellant's PCRA petition in 20 days, without holding a hearing. PCRA Court Order, 10/2/14, at 1; **see also** Pa.R.Crim.P. 907(1). On November 12,

_____

[2] 18 Pa.C.S.A. §§ 3922(a)(1) and 903(c), respectively.

[3] 18 Pa.C.S.A. §§ 3922(a)(1) and 903(c), respectively.

2014, Appellant responded to the PCRA court's Rule 907 notice by, essentially, repeating the claims he raised in his *pro se* PCRA petition. The PCRA court finally dismissed Appellant's PCRA petition on November 12, 2014 and Appellant filed a timely notice of appeal to this Court.

Appellant numbers five issues on appeal:

> 1. Can a police officer give perjurious testimony in an official proceeding of [an] official matter against his own official document when he doesn't believe the statement to be true in order to justify making [Appellant] a suspect in his criminal investigation, and believed to be a [credible] witness[?]
>
> 2. Can a police officer create characteristics of his own, that are in discrepancy with a description given by the complainant, to compose a photo-array line-up?
>
> 3. Can a trial judge refuse to rule on a motion when the record supports the finding that [] Appellant's [constitutional] rights were violated?
>
> 4. Does a plea[] agreement permit the lower court to practice corruption during the legal proceeding, when the record supports the evidence?
>
> 5. Should have the private citizen criminal complaint gone before the attorney for the Commonwealth alone with the complainant under oath before an arrest warrant was issued?

Appellant's Brief at 1 (some internal capitalization omitted).

As we have stated:

> [t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record,

viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

*Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

All of Appellant's claims on appeal are waived, as Appellant's brief to this Court merely consists of a rambling factual narrative that is divorced from legal argument or citation to relevant legal authority. As this Court has continuously explained, we are not permitted to "act as counsel for an appellant and develop arguments on his behalf." *Rabatin v. Allied Glove Corp.*, 24 A.3d 388, 396 (Pa. Super. 2011). Since Appellant's brief would require that we identify the appropriate legal issues and then craft Appellant's legal arguments for him, we must hold that Appellant's claims on appeal are waived. *See Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) ("[u]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. *See Commonwealth v. Williams*, 896 A.2d 523, 534 (Pa. 2006) (*pro se* defendants are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, **and a court cannot be expected to become a litigant's counsel**") (emphasis added).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2015